## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ERROLL T. BLACK,
                Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
                Agency.

DOCKET NUMBER
SF-0714-18-0797-I-1

DATE: April 4, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Erroll T. Black, North Las Vegas, Nevada, pro se.

Stephen Funderburk, Seattle, Washington, for the agency.

Matthew S. Voss, North Las Vegas, Nevada, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for failure to prosecute. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On September 14, 2018, the appellant filed a Board appeal challenging his removal pursuant to 5 U.S.C. § 714. Initial Appeal File (IAF), Tab 1. After filing his initial appeal, however, he did not participate in proceedings or respond to any of the administrative judge's orders. In particular, he did not appear for the preliminary status and prehearing conferences, did not submit a prehearing submission, did not comply with the administrative judge's order granting the agency's motion to compel, and did not respond to her order to show cause why the appeal should not be dismissed for failure to prosecute. IAF, Tab 11 at 1, Tab 18 at 1, Tab 21, Initial Decision (ID) at 2. The administrative judge thus found that the appellant had failed to exercise due diligence and dismissed the appeal with prejudice for failure to prosecute. ID at 3.

The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal. *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015); 5 C.F.R. § 1201.43(b). Such a sanction should be imposed only when a party has failed to exercise basic due diligence in complying with Board orders or when a party has exhibited negligence or bad faith in its efforts to comply. *Leseman*, 122 M.S.P.R. 139, ¶ 6. Repeated failure

to respond to multiple Board orders can reflect a failure to exercise basic due diligence. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 9 (2011). Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions. *Leseman*, 122 M.S.P.R. 139, ¶ 6.

As noted above, the appellant did not respond to the administrative judge's orders or appear for the scheduled status conference or prehearing conference. After his failure to appear for the preliminary status conference, the administrative judge warned him that his continued failure to respond to her orders could lead to the imposition of sanctions, including dismissal of his appeal for failure to prosecute. IAF, Tab 1 at 1. In addition, she gave him an opportunity to show cause why his appeal should not be dismissed for failure to prosecute, but he did not respond. IAF, Tab 18 at 1. Given the appellant's repeated failure to respond to the administrative judge's orders below, we agree that the sanction of dismissal with prejudice was appropriate. *See Leseman*, 122 M.S.P.R. 139, ¶ 6.

On review, the appellant appears to argue that the sanction of dismissal was inappropriate because he did not receive any of the administrative judge's orders. PFR File, Tab 1. He explains that he was "in the process of moving," went on three vacations, and did not check his mail every day. *Id.* at 3. He further states that "certified mail is best" or a phone call to ensure that he is "properly notified" of hearing dates. *Id.* at 4. However, when he filed his initial appeal, he registered as an e-filer and consented to accept case-related documents in electronic form at the email address he provided. IAF, Tab 1 at 2; *see* 5 C.F.R. § 1201.14(e)(1). Thus, he is deemed to have received the administrative judge's orders on the dates of electronic submission. 5 C.F.R. § 1201.14(m)(2); IAF, Tab 9 at 2, Tab 10 at 5, Tab 11 at 8, Tab 18 at 3. Further, as an e-filer, the appellant was responsible for ensuring that email from @mspb.gov was not blocked by filters, 5 C.F.R. § 1201.14(j)(2), and for monitoring case activity at the Repository at e-Appeal Online to ensure that he received all case-related

documents, 5 C.F.R. § 1201.14(j)(3). Therefore, even if the appellant did not receive the administrative judge's orders, it was attributable to his own lack of due diligence and provides no basis to disturb the initial decision.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:         _____

                                    Gina K. Grippando
                                    Clerk of the Board

Washington, D.C.